UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEMETREE WYNN,                            )
                                          )
                  Plaintiff,              )
                                          )
          vs.                             )        No. 1:20-cv-1638-JMS-MJD
                                          )
CITY OF INDIANAPOLIS and DE'JOURE         )
MARQUISE MERCER,                          )
                                          )
                  Defendants.             )

## MINUTE ENTRY

On January 27, 2023, the Court held the Final Pretrial Conference in this matter. Plaintiff was present by counsel Sawary Conteh and Fatima Johnson. Defendants De'Joure Marquise Mercer and the City of Indianapolis were present by counsel Tony Overholt, John Kautzman, Stephanie McGowan, Tom Davis, and Andrew Duncan. The Court Reporter was Jean Knepley.

The Court and the parties discussed logistics for the jury trial in this matter, which is scheduled to begin on February 27, 2023. The parties confirmed that the trial will be completed in 8 days. Each side will be limited to 45 minutes for opening statements and should be prepared to give opening statements and begin the presentation of evidence on the first day of trial.

The Court discussed jury selection procedures and the parties' proposed additional vior dire questions. The Court **SUSTAINED** Defendants' objections to Plaintiffs' Proposed Additional Voir Dire Questions 3 and 4 as duplicative of the Court's Proposed Voir Dire, with the caveat that the Court will add language to its questions to address whether any prospective jurors have close friends that are acquainted in any way with the parties, attorneys, or witnesses in this case. The Court **SUSTAINED IN PART** and **OVERRULED IN PART** Defendants' objections to Plaintiff's Proposed Additional Voir Dire questions 5, 6, and 7 to the extent that the Court agreed

1

to craft a question regarding the prospective jurors' personal involvement with the Black Lives Matter movement.  The Court will create a revised set of voir dire questions and will circulate them to counsel in advance of trial.  Depending on the level of Covid-19 precautions required at the time of trial, the parties may be permitted to conduct some limited questioning of the venire. The parties are reminded to refer to the Court's Practices and Procedures, [Filing No. 38], for guidance on appropriate voir dire questions.

The Court confirmed that the parties had no objections to the Court's Proposed Preliminary Jury Instructions.  In advance of trial, the Court will compile a set of Proposed Final Jury Instructions and will circulate that to the parties.  Any objections or disputes will be resolved at the charge conference.

Plaintiff moved for separation of witnesses, and that motion was **GRANTED**.  Officer Mercer, who is serving as the City's representative, and Ms. Wynn are exempt from this separation and may remain in the courtroom at all times.  Neither party had objections to the other party's witness list.  The Court advised the parties that non-party witnesses may be called to testify only once, with all questioning by all parties to be conducted at that time.  Party witnesses, however, may be called to testify on more than one occasion if necessary.

The Court heard arguments concerning the Plaintiff's Motions in Limine, [Filing No. 121], and Defendants' Motions in Limine, [Filing No. 126], and made the following rulings:

- Plaintiff's Motion in Limine #1 is **GRANTED**;

- Plaintiff's Motion in Limine #2 is **GRANTED**;

- Plaintiff's Motion in Limine #3 is **GRANTED**;

- Plaintiff's Motion in Limine #4 is **GRANTED**;

- Plaintiff's Motion in Limine #5 is **TAKEN UNDER ADVISEMENT**.  If Defendants produce competent evidence demonstrating that Mr. Reed was advised by law

enforcement that there was a warrant for his arrest in Indiana, they will be permitted to introduce such evidence;

- Plaintiff's Motion in Limine #6 is **GRANTED**;

- Plaintiff's Motion in Limine #7 is **GRANTED IN PART** to the extent that evidence relating to Mr. Reed's criminal history and prior interactions with law enforcement is excluded. The motion is **TAKEN UNDER ADVISEMENT IN PART** to the extent that it seeks exclusion of the existence of a warrant for Mr. Reed's arrest at the time of the incident;

- Plaintiff's Motion in Limine #8 is **GRANTED IN PART** to the extent that evidence concerning Mr. Reed's character is excluded, but **DENIED IN PART** to the extent that Defendants will be permitted to introduce evidence relevant to witnesses' potential biases against law enforcement;

- Plaintiff's Motion in Limine #9 is **GRANTED**;

- Plaintiff's Motion in Limine #10 is **GRANTED** to the extent that evidence relating to Ms. Wynn's bankruptcy or financial condition are excluded. Defendants are free, however, to make any argument in closing that is consistent with the evidence presented at trial, including that the lawsuit may be financially motivated;

- Defendants' Motion in Limine #1 is **GRANTED**;

- Defendants' Motion in Limine #2 is **GRANTED**;

- Defendants' Motion in Limine #3 is **GRANTED** to the extent that no evidence concerning social unrest or protests relating to officer-involving shootings will be permitted at trial. However, the parties may ask about these issues during voir dire;

- Defendants' Motion in Limine #4 is **GRANTED**;

- Defendants' Motion in Limine #5 is **GRANTED**;

- Defendants' Motion in Limine #6 is **GRANTED**;

- Defendants' Motion in Limine #7 is **GRANTED IN PART** to the extent that evidence concerning the fact that administrative hearings and proceedings took place is excluded. The motion is **DENIED IN PART** to the extent that specific testimony given at such hearings may be admissible as a prior inconsistent statement or a statement by a party;

- Defendants' Motion in Limine #8 is **TAKEN UNDER ADVISEMENT**. To the extent that Defendants assert that Officer Mercer's communications with the POST Team or Peer Support Team are confidential, Defendants must provide the Court with legal authority supporting that assertion;

3

- Defendants' Motion in Limine #9 is **GRANTED IN PART** to the extent that evidence that Deputy Chief Adams gave Ms. Wynn a check on behalf of 100 Black Men of Indianapolis is excluded.  The motion is **TAKEN UNDER ADVISEMENT IN PART** with respect to whether evidence concerning Mr. Reed's involvement with 100 Black Men of Indianapolis may be introduced;

- Defendants' Motion in Limine #10 is **GRANTED**;

- Defendants' Motion in Limine #11 is **GRANTED IN PART** to the extent that any lay opinions concerning the propriety of the use of the taser are excluded.  The motion is **DENIED IN PART** to the extent that witnesses may testify about their personal observations concerning the use of the taser;

- Defendants' Motion in Limine #12 is **GRANTED**;

- Defendants' Motion in Limine #13 is **GRANTED**; and

- Defendants' Motion in Limine #14 is **GRANTED**.

The parties are reminded that these rulings are preliminary in nature, and if any party believes that the other party has opened the door to evidence excluded by these rulings, the party may, outside the presence of the jury, seek relief from these rulings.

Consistent with the instructions given at the Final Pretrial Conference, the parties are **ORDERED** to meet and confer on the following issues in an attempt to reach an agreement.  The parties **shall** jointly file a **Report** on or before **February 3, 2023**, indicating whether and to what extent agreement has been reached on the following issues:

- The contents of the case synopsis to be read to the jury during voir dire and preliminary instructions.  Either a Joint Case Synopsis or competing case synopses must be filed along with the Report;

- Whether, and if so in what manner, the Court should ask potential jurors about their knowledge of or familiarity with the organization 100 Black Men of Indianapolis during voir dire;

- The admissibility of all exhibits.  Any unresolved objections or disputes must be specifically stated in the Report for ruling by the Court;

- Whether any long documentary exhibits—such as Mr. Reed's income tax returns, which are presently identified as Plaintiff's Exhibit 26—can be reduced to summaries, and if so, the contents of those summaries;

- Which autopsy photographs may be admitted.  Plaintiff may choose the photographs she wants to admit, but is limited to admitting one photograph of each wound or injury sustained by Mr. Reed, plus one comprehensive photograph showing the totality of his injuries;

- Whether Officer Mercer's communications with the POST Team or Peer Support Team after the incident are confidential under state law, as it relates to Defendants' Motion in Limine #8;

- Whether the parties will stipulate to the cost of funeral and burial expenses;

- Whether the parties will stipulate that Officer Mercer was acting within the scope of his employment, and whether Plaintiff intends to proceed on the state law battery claim against Officer Mercer individually;

- Whether the Court should give an additional jury instruction defining "loss of life damages," and if so, what the contents of that instruction should be;

- Whether and to what extent Officer Mercer would be indemnified by the City or covered by an insurance policy for any potential award of punitive damages, and whether evidence of his financial condition can be submitted to the jury for purposes of determining a potential punitive damages award; and

- The contents of the verdict forms.  Either joint or competing proposed verdict forms must be filed along with the Report.

In addition, the Report should specifically list any outstanding issues that require the Court's attention prior to trial.

Date: 1/27/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

5